# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID L. CRAINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **AND RECOMMENDATION** |
| HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY, ) | 1:08CV586 |
| ) | |
| Defendant. ) | |

This matter is before the court on a motion to dismiss (docket no. 6) the Second Count of Plaintiff's complaint, filed by Defendant Hartford Life and Accident Insurance Company ("Hartford") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded in opposition to the motion, and the matter is ripe for disposition. Furthermore, the parties have not consented to the jurisdiction of the magistrate judge. Therefore, the motion to dismiss must be dealt with by way of recommendation. For the reasons discussed below, it will be recommended that the court grant Defendant's motion to dismiss the Second Count of Plaintiff's complaint.

**BACKGROUND**

Plaintiff filed the complaint on August 21, 2008, and seeks entitlement to long-term disability benefits under an ERISA employee benefit plan ("the Plan") in which he was a member and participant. The parties agree that the Plan is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29

U.S.C. § 1001 et seq. The Plan was established by Plaintiff's former employer, RF Micro Devices, Inc. ("RF Micro"). Defendant Hartford issued the policy to RF Micro.

On October 20, 2008, Defendant Hartford filed the pending motion to dismiss, seeking dismissal of the Second Count, in which Plaintiff alleges that Defendant Hartford violated provisions of 29 U.S.C. § 1132(c) by, among other things, failing to produce records and documents requested by Plaintiff.

**FACTS AND CLAIMS**

Plaintiff David L. Craine was employed by RF Micro from February 2006 to February 2007, and was at all pertinent times a participant in RF Micro's Benefit Plan, a group benefit plan. Defendant Hartford collected insurance premiums from RF Micro to furnish plan benefits, including long-term disability benefits. Plaintiff alleges that Defendant Hartford also administered claims for the Plan. Under the Plan document, Defendant Hartford had "full discretion and authority to determine eligibility for benefits" under the long-term disability insurance program. (*See* Compl. ¶¶ 4 & 5, Ex. A, p. 26.)

In February 2007, Plaintiff suffered a complete health collapse while at work and effectively ended his employment with RF Micro. His medical condition is the result of toxic encephalopathy, reactive airway disease, allergies, and multiple chemical sensitivities. Plaintiff alleges that these conditions completely preclude him from performing the duties of his job, or any job, and are ongoing. On or about the time that he left his work, Plaintiff submitted an application for short-term disability

2

benefits, which RF Micro paid through approximately August 2007. (*See* Compl. ¶¶ 9-13.)

In July 2007, Plaintiff submitted an application to Defendant Hartford for long-term disability benefits under the Plan. Hartford initially denied the request but advised Plaintiff that he could appeal this decision. On February 15, 2008, Plaintiff appealed the decision. As part of his appeal, Plaintiff submitted new medical evidence establishing his complete disability and inability to perform the duties of his job at RF Micro. After receipt of Plaintiff's appeal, Defendant Hartford engaged the services of Dr. Philip Adamo of the University Disability Consortium to review Plaintiff's case. As part of his review and investigation, Dr. Adamo spoke with two of Plaintiff's treating physicians, Dr. Grace Ziem and Dr. Richie Shoemaker, by telephone. At no time did Dr. Adamo speak with or examine Plaintiff. In reliance on Dr. Adamo's recommendations, by letter dated April 15, 2008, Defendant Hartford affirmed the denial of Plaintiff's claim for long-term disability benefits. This notice constituted the first time the conclusions by Dr. Adamo and his role in the claims review process were revealed to Plaintiff and his counsel. (*See* Compl. ¶¶ 10-17.)

In response to the decision by Hartford, on June 6, 2008, Plaintiff's counsel requested production from Hartford of Dr. Adamo's complete files in the case. Hartford subsequently produced a report prepared by Dr. Adamo, but refused to supply his name. By letter dated June 12, 2008, Defendant Hartford replied to the

3

request and refused to provide the documents and information sought. (Compl. ¶ 18.)

In response to the actions of Dr. Adamo and the renewed denial by Defendant Hartford of Plaintiff's claim for long-term disability benefits, on July 11, 2008, counsel for Plaintiff forwarded additional information to Hartford to supplement Plaintiff's appeal and to address the role of Dr. Adamo in the case. The information consisted, among other things, of a further report prepared by Dr. Ziem on June 19, 2008, a set of notes dated March 31, 2008, prepared by Dr. Ziem, and reflecting her telephone conversation with Dr. Adamo, and an Affidavit by Tammy J. Craine, Plaintiff's wife. In her report, Dr. Ziem observed that Dr. Adamo's report contained misrepresentations and misstatements regarding the substance of her March 2008 call with him. She further noted that Dr. Shoemaker also felt that Dr. Adamo had falsely reported his conversation with him in his report. (*See* Compl. ¶¶ 19-20.)

Defendant Hartford chose to disregard the further statements of Plaintiff's treating physicians and other relevant information regarding his condition, and on July 23, 2008, again rejected Plaintiff's claim, noting that the administrative appeal for the matter was closed. (*See* Compl. ¶ 21.)

**STANDARD OF REVIEW**

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir.

1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). As the Supreme Court has recently instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotations and alteration omitted). With these principles in mind, the court now turns to the motion to dismiss.

**DISCUSSION**

**Defendant's Motion to Dismiss Plaintiff's Second Count**

Plaintiff brings two claims for relief in his complaint. In the First Count, Plaintiff alleges wrongful denial of benefits against Defendant Hartford pursuant to 29 U.S.C. § 1132(a)(1)(B), and Plaintiff seeks attorney's fees and costs. In the Second Count, titled "Breach of Fiduciary Duty," Plaintiff claims that Defendant Hartford failed to provide requested documents "in violation of 29 U.S.C. § 1132(c)," and Plaintiff seeks statutory penalties.[1] (*See* Compl. ¶¶ 32, 34.) Defendant moves to dismiss only the Second Count.

Section 1132(c) of Title 29 (ERISA § 502(c)) provides for liability against "any *administrator* . . . who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary." 29 U.S.C. § 1132(c) (emphasis added). "Administrator" is, in turn, defined in ERISA as: "(I) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the

---

[1] In support of the motion to dismiss, Defendant first contends that, to the extent that Plaintiff attempts to bring a breach of fiduciary duty claim under Section 1132(a) against Defendant in the Second Count, this claim should be dismissed. Plaintiff concedes in his response brief that he is not attempting to bring a claim against Defendant for breach of fiduciary duty under Section 1132(a) and that he is alleging a claim only for a violation of Section 1132(c); therefore, the court need not address this issue further.

6

Secretary may by regulation prescribe." 29 U.S.C. § 1002(16)(A). Here, while it is undisputed that Defendant Hartford is a fiduciary under the Plan, Defendant is not the designated administrator under the Plan. Rather, the Plan document explicitly designates RF Micro–Plaintiff's former employer and the Plan Sponsor–as the administrator of the Plan. (*See* Compl., Ex A.) Therefore, since Defendant Hartford is not the Plan administrator, Defendant cannot be held liable for failing to disclose documents under Section 1132(c).

Plaintiff contends that, notwithstanding that the Plan does not specifically designate Defendant as the Plan administrator, Defendant still falls within the scope of Section 1132(c) because Defendant *effectively* administered the Plan. In other words, Plaintiff seeks to have the court impose liability against Defendant based on Defendant's alleged role as the *de facto* administrator. Plaintiff notes that the complaint clearly alleges that Defendant administered all claims for long-term disability benefits submitted under the Plan and that Defendant refused to produce certain file information regarding Dr. Adamo's review of Plaintiff's record. (*See* Compl. ¶ 18.) Plaintiff contends that, based on these allegations, Defendant may be held liable under Section 1132(c). For the following reasons, I do not agree.

As Plaintiff correctly points out, a few circuit courts of appeals have held that parties other than the named administrator may be held liable under Section 1132(c) when actually administering an ERISA plan, i.e., when the party is acting as the *de facto* administrator. *See, e.g.*, *Rosen v. TRW, Inc.*, 979 F.2d 191, 193-94 (11th Cir.

1992) ("We agree with the reasoning of the First Circuit and we hold that if a company is administering [a] plan, then it can be held liable for [§ 1132(c)] violations, regardless of the provisions of the plan document."); *Law v. Ernst & Young*, 956 F.2d 364, 372 (1st Cir. 1992) (noting that "[a] number of courts have stated that a party may be treated as a plan administrator [under § 1132(c)] where it is shown to control the administration of a plan," even if the party is not technically designated as the administrator in the plan).

Nevertheless, the majority of courts have held that Section 1132(c) does not apply to mere *de facto* administrators. *See, e.g.*, *Ross v. Rail Car Am. Group Disability Income Plan*, 285 F.3d 735, 743-44 (8th Cir. 2002); *Crocco v. Xerox Corp.*, 137 F.3d 105, 106-08 (2d Cir. 1998); *Anweiler v. Am. Elec. Power Serv. Corp.*, 3 F.3d 986, 944 n.5 (7th Cir. 1993); *McKinsey v. Sentry Ins.*, 986 F.2d 401, 403-05 (10th Cir. 1993); *Vanderklok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 617-18 (6th Cir. 1992); *Groves v. Modified Retirement Plan*, 803 F.2d 109, 116 (3d Cir. 1986). Furthermore, as Defendant notes, in *Coleman v. Nationwide Life Insurance Co.*, 969 F.2d 54, 63 (4th Cir. 1992), the Fourth Circuit recognized ERISA's distinction between duties specifically imposed upon plan "administrators" and duties imposed upon other plan fiduciaries. The *Coleman* court explained that ERISA imposes certain fiduciary duties upon all plan fiduciaries, but some duties are specifically assigned to the plan administrator and do not apply to plan fiduciaries who are not designated as the plan administrator. *Id.* at 62. Although the Fourth Circuit in

*Coleman* did not specifically rule on whether a *de facto* administrator may be held liable under Section 1132(c), the court did cite with approval *Moran v. Aetna Life Insurance Co.*, 872 F.2d 296, 298-300 (9th Cir. 1989), and *Davis v. Liberty Mutual Insurance Co.*, 871 F.2d 1134, 1138-39 & n.5 (D.C. Cir. 1989), in which the courts specifically held that Section 1132(c) imposes liability only against those parties that are administrators as that term is defined under ERISA.

Finally, at least two district courts in the Fourth Circuit have also rejected the argument that a party's status as a *de facto* administrator renders the party subject to Section 1132(c). That is, these courts have made clear that a party must fall within the specific definition of "administrator" under ERISA to be subject to liability under Section 1132(c)–for instance, the plan must specifically designate the party as the "administrator" of the plan, or the party must be the plan sponsor. *See, e.g., Sentara Va. Beach Gen. Hosp. v. LeBeau*, 182 F. Supp. 2d 518, 526 (E.D. Va. 2002); *Lunsford v. Hartford Life & Accident Ins. Co.*, No. Civ. A. 5:03-0686, 2005 WL 2088423, at *3 (S.D. W. Va. Aug. 26, 2005). Defendant contends that, particularly in light of the Fourth Circuit's reference to *Moran* and *Davis* in *Coleman*, the Fourth Circuit would not adopt the minority view. I agree and find that the Second Count should be dismissed because Section 1132(c) applies only to entities that meet the definition of "administrator" within the meaning of ERISA. *See* 29 U.S.C. § 1002(16)(A). Here, regardless of whether Defendant was the *de facto* administrator of the Plan, it is undisputed that Defendant was not the "administrator"

9

as that term is defined under Section 1002(16)(A). Therefore, Plaintiff's claim against Defendant Hartford pursuant to Section 1132(c) is not cognizable, and the Second Count in the complaint should be dismissed.

**CONCLUSION**

**IT IS THEREFORE RECOMMENDED** that the court **GRANT** Defendant's motion to dismiss (docket no. 4) the Second Count of Plaintiff's complaint.

_____
WALLACE W. DIXON
United States Magistrate Judge

October 7, 2009