IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAVID L. CRAINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| HARTFORD LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, | ) | 1:08CV586 |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion to dismiss (docket no. 26) the Second Count of Plaintiff's complaint, filed by Defendant R.F. Micro Devices, Inc. ("R.F. Micro") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded in opposition to the motion, and the matter is ripe for disposition. Furthermore, the parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion to dismiss must be dealt with by way of recommendation. For the reasons discussed below, it will be recommended that the court grant Defendant's motion to dismiss the Second Count of Plaintiff's complaint.

**BACKGROUND**

Plaintiff filed his original complaint on August 21, 2008, seeking entitlement to long-term disability benefits under an ERISA employee benefit plan ("the Plan") in which he was a member and participant. The parties agree that the Plan is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq. The Plan was established by Plaintiff's former employer, R.F.

Micro. Defendant Hartford Life and Accident Insurance Company ("Hartford") issued the policy to R.F. Micro.

The original Complaint contained two counts. Count One was a claim against Defendant Hartford based on wrongful denial of benefits pursuant to 29 U.S.C. § 1132(a)(1). The Second Count was also a claim against Defendant Hartford, alleging that Hartford breached its fiduciary duties by, among other things, violating 29 U.S.C. § 1132(c), which imposes statutory penalties against plan administrators for failing to produce certain records as requested by claimants. On October 20, 2008, Defendant filed a motion to dismiss, seeking dismissal of the Second Count, on the ground that Hartford was not the plan administrator and, thus, could not be held liable for violations of 29 U.S.C. § 1132(c). On October 7, 2009, this court issued an opinion recommending dismissal of the Second Count because Plaintiff failed to name R.F. Micro, the plan administrator, as the proper Defendant for that particular claim.

Subsequently, on December 16, 2009, Plaintiff amended his complaint to include R.F. Micro as a Defendant in the action. The amended complaint also names The Group Long-Term Disability Plan for Employees of R.F. Micro Devices, Inc. (the "Plan") as a co-Defendant. The Amended Complaint contains two counts: a claim against Defendant Hartford based on wrongful denial of benefits pursuant to 29 U.S.C. § 1132(a)(1), and a "Statutory Penalties" claim against R.F. Micro as the plan administrator pursuant to 29 U.S.C. § 1132(c). On January 11, 2010, Defendant R.F. Micro filed the pending motion, seeking dismissal of the claim against it on the grounds

2

that 29 U.S.C. § 1132(c) (ERISA § 502(c)) is not the appropriate enforcement mechanism for an alleged violation of 29 U.S.C. § 1133 (ERISA § 503) and its accompanying regulations promulgated by the Department of Labor ("DOL").

**FACTS AND CLAIMS**

Plaintiff David L. Craine was employed by R.F. Micro from February 2006 to February 2007, and was at all pertinent times a participant in R.F. Micro's Benefit Plan, a group benefit plan. Defendant Hartford collected insurance premiums from R.F. Micro to furnish plan benefits, including long-term disability benefits. In February 2007, Plaintiff suffered a complete health collapse while at work and effectively ended his employment with R.F. Micro. His medical condition is the result of toxic encephalopathy, reactive airway disease, allergies, and multiple chemical sensitivities. Plaintiff alleges that these conditions completely preclude him from performing the duties of his job, or any job, and are ongoing. On or about the time that he left his work, Plaintiff submitted an application for short-term disability benefits, which R.F. Micro paid through approximately August 2007. (*See* Amended Compl. ¶¶ 11-15.)

In July 2007, Plaintiff submitted an application to Defendant Hartford for long-term disability benefits under the Plan. Hartford initially denied the request. On February 15, 2008, Plaintiff appealed the decision. As part of his appeal, Plaintiff submitted new medical evidence establishing his complete disability and inability to perform the duties of his job at R.F. Micro. After receipt of Plaintiff's appeal, Defendant Hartford engaged the services of Dr. Philip Adamo to review Plaintiff's case. As part

3

of his review and investigation, Dr. Adamo spoke with two of Plaintiff's treating physicians by telephone. At no time did Dr. Adamo speak with or examine Plaintiff.

In reliance on Dr. Adamo's recommendations, by letter dated April 15, 2008, Defendant Hartford affirmed the denial of Plaintiff's claim for long-term disability benefits. In response to the decision by Hartford, on June 6, 2008, Plaintiff's counsel requested production from Hartford of Dr. Adamo's complete files in the case. Hartford subsequently produced a report prepared by Dr. Adamo, but refused to supply his name. Furthermore, by letter dated June 12, 2008, Defendant Hartford refused to provide the documents and information sought. (*Id.* ¶ 20.)

In response to the renewed denial by Defendant Hartford of Plaintiff's claim for long-term disability benefits, on July 11, 2008, counsel for Plaintiff forwarded additional information to Hartford to supplement Plaintiff's appeal. On July 23, 2008, Hartford again rejected Plaintiff's claim, noting that the administrative appeal for the matter was closed. (*See id.* ¶ 23.)

**STANDARD OF REVIEW**

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the

4

complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). As the Supreme Court has recently instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotations and alteration omitted). With these principles in mind, the court now turns to the motion to dismiss.

**DISCUSSION**

**Defendant R.F. Micro's Motion to Dismiss Plaintiff's Second Count**

Plaintiff brings two claims for relief in his complaint. In the First Count, Plaintiff alleges a claim for wrongful denial of benefits against Defendant Hartford pursuant to 29 U.S.C. § 1132(a)(1)(B), and he also seeks attorney's fees and costs. In the Second Count, titled "Statutory Penalties," Plaintiff claims that, as the plan administrator,

5

Defendant R.F. Micro failed to produce certain "relevant records" as requested by Plaintiff–more specifically, "the documents and information from the files and records of Dr. Adamo" in violation of "29 U.S.C. § 1132(c)." (Amended Compl. ¶¶ 35, 37.) Plaintiff seeks statutory penalties against Defendant R.F. Micro for failure to produce these records. (*See id.* ¶¶ 36-37.) As noted, Defendant R.F. Micro has moved to dismiss the Second Count.

Section 1132(c) of Title 29 (ERISA § 502(c)) provides for liability against "any *administrator* . . . who fails or refuses to comply with a request for any information which such administrator is required *by this subchapter* to furnish to a participant or beneficiary." *See* 29 U.S.C. § 1132(c) (1) (emphases added). District courts have the discretion to award a daily statutory penalty (currently $110) if a plan administrator fails or refuses to comply with a written request within thirty days. *Id.*; *see also* 29 C.F.R. 2575.502c-1 (2007). The "information" referred to in Section 1132(c) relates to the furnishing of various plan documents. *See Freitag v. Pan Am. World Airways, Inc.*, 702 F. Supp. 128, 131 (E.D. Va. 1988); *Vogel v. Independence Fed. Sav. Bank*, 728 F. Supp. 1210, 1226 (D. M.D. 1990). Specifically, 29 U.S.C. § 1024(b)(4) requires plan administrators to "furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

6

Section 1133 of Title 29 (ERISA § 503) requires "every employee *benefit plan*" to: (1) "provide adequate notice in writing" to persons whose benefits have been denied, "setting forth the specific reasons for such denial," and (2) afford such persons "a full and fair review" of the decision denying the claim. 29 U.S.C. § 1133 (emphasis added). In contrast to ERISA § 502(c), ERISA § 503 and its implementing regulations impose duties on the "benefit plan," as opposed to the "plan administrator," to furnish certain documents relating to the investigation and denial of a claim. The applicable regulations are 29 C.F.R. § 2560.503-1(h)(2)(iii) and (h)(4), (i)(5) and (j)(3), which generally require plan fiduciaries to provide the claimant, upon request, documents relevant to the benefit claim review. *See Cortez v. Prudential Ins. Co. of Am.*, No 1:08-cv-315, 2008 WL 4372638, at *3 (W.D. Mich. Sept. 19, 2008) (stating that the plaintiff's ERISA § 502(c) claim for statutory penalties against the defendant failed in part because the plaintiff "requested copies of the administrative record pursuant to the [DOL's] ERISA regulation, 29 C.F.R. § 2560.503-1(h), 2(iii), rather than copies of plan documents pursuant to 29 U.S.C. 1024(b)"). Pursuant to the regulations promulgated by the DOL under ERISA § 503, failure to provide pertinent documents for review constitutes a denial of a plan beneficiary's right to a full and fair review.

Here, the parties agree in their briefs that, in Count Two of the Amended Complaint, Plaintiff seeks to have this court impose statutory penalties against R.F. Micro as the plan administrator, pursuant to ERISA § 502(c), based on Defendant R.F. Micro's failure to produce certain records that the "benefit plan" is required to produce

7

under ERISA § 503 and its implementing regulations. For the following reasons, this court should find that statutory penalties under ERISA § 502(c) may not be imposed based on violations of ERISA § 503 and its implementing regulations.

As Plaintiff notes, a few courts have been willing to extend the scope of ERISA § 502(c) to impose statutory penalties--against a plan administrator for violations of ERISA § 503 and its accompanying regulations. *See, e.g., Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 944-45 (9th Cir. 2008) (suggesting that "ERISA's remedies provision [in ERISA § 502(c)] gives [the plaintiff] a cause of action to sue a plan 'administrator' who doesn't comply with a 'request for information'" for which disclosure is required under ERISA § 503 and its implementing regulations, but ultimately concluding that there was no ERISA § 502(c) violation because the defendant "claims administrator" was not the "plan administrator" within the meaning of ERISA § 502(c)). Nevertheless, virtually every federal Circuit Court of Appeals that has considered the issue has held that ERISA § 502(c) is not the appropriate vehicle for enforcement of ERISA § 503 and the regulations promulgated thereunder. *See Brown v. J.B. Hunt Transp.Servs., Inc.*, 586 F.3d 1079, 1089 (8th Cir. 2009); *Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1270 (11th Cir. 2008); *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 406-406-07 (7th Cir. 1996); *Stuhlreyer v. Armco, Inc.*, 12 F.3d 75, 79 (6th Cir. 1993); *Walter v. Int'l Ass'n of Machinists Pension Fund*, 949 F.2d 310, 315 (10th Cir. 1991); *Groves v. Modified Ret. Plan for Hourly Paid Employees of Johns Manville Corp. & Subsidiaries*, 803 F.2d 109, 111 (3d Cir. 1986). For instance, in *Groves v. Modified*

*Retirement Plan* the Third Circuit determined that ERISA § 502(c) sanctions could not be imposed upon a plan administrator for violations of ERISA § 503 and its implementing regulations, because ERISA § 503 imposes duties upon a "plan," not upon a "plan administrator." *Id.* at 113. The Third Circuit noted that because the terms "plan" and "plan administrator" are "terms of art" under ERISA, they may not be used interchangeably to impose penalties under ERISA § 502(c) for a violation of ERISA § 503. *Id.* at 116. The court went on to hold that although certain regulations promulgated under ERISA § 503 do impose liability upon *plan administrators*, ERISA § 502(c) penalties were still improper, as the words "this subchapter" in ERISA § 502(c) only refers to statutorily imposed duties and not to obligations imposed by regulation. *Id.* at 116-18. The court reached its result based on the conclusion that ERISA § 502(c) is a penal provision and thus should be narrowly construed. *Id.*

Although the Fourth Circuit has not directly addressed whether ERISA § 502(c) statutory penalties are available for violations of ERISA § 503 and its implementing regulations, the Fourth Circuit has noted that it considers ERISA § 502(c) a penal provision. *See Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 659 (4th Cir. 1996) ("The purpose of § 502(c)(1) is not to compensate participants for injuries, but to punish noncompliance with ERISA."). As such, I agree with the Third Circuit that liability under ERISA § 502(c) should be narrowly construed, and therefore, that ERISA § 502(c) is not an appropriate avenue of relief for violations of the claims regulations promulgated under ERISA § 503. Furthermore, I also note as significant that the terms "plan" and

9

"plan administrator" have distinct meanings under ERISA and are not properly interchangeable. See 29 U.S.C. § 1002. For these reasons, this court should hold that ERISA § 502(c) statutory penalties are not available for violations of ERISA § 503 and its implementing regulations. Thus, Plaintiff's ERISA § 502(c) claim against Defendant R.F. Micro is not cognizable, and the Second Count in the complaint should be dismissed.[1]

**CONCLUSION**

**IT IS THEREFORE RECOMMENDED** that the court **GRANT** Defendant's motion to dismiss (docket no. 26) the Second Count of Plaintiff's complaint.

_____
WALLACE W. DIXON
United States Magistrate Judge

May 17, 2010

---

[1] As Defendant R.F. Micro notes, Plaintiff is not without redress, as this court may certainly take into account Defendant's refusal to turn over the requested documents in determining whether to remand to the plan administrator for a full and fair review of Plaintiff's disability claim.